20261

Edmund H. MONTEITH, Respondent, v. Alvina B. HAGOOD et al.,
Appellants.

(226 S. E. (2d) 708)

*Messrs. E. Ellison Walker,* of *McKay, Sherrill, Walker
& Townsend,* Columbia, *for Appellant,*

*Messrs. Edmund H. Monteith* and *Robert E. Salane,* of *Monteith, Monteith & Gottlieb,* Columbia, *for Respondent,*

July 15, 1976.

LITTLEJOHN, Justice:

This action was commenced by petitioner Edmund H. Monteith in the Probate Court of Richland County, by service of a verified petition on Alvina B. Hagood and Ester H. Kleckley, seeking an order appointing a committee to manage the affairs of Alvina B. Hagood.

Alvina B. Hagood appeared through her guardian *ad litem* and in effect demanded proof and submitted her rights to the protection of the Court. Ester H. Kleckley (daughter of Alvina B. Hagood) filed an answer and joined in the prayer of the petition. Franklyn Hagood (son of Alvina B. Hagood) intervened, filing an answer alleging that Alvina B. Hagood was a competent person and praying that the petition be dismissed.

The matter was tried before the Honorable A. Ray Hinnant, Probate Judge for Richland County, resulting in his

order in which he found that Alvina B. Hagood was a person *non compos mentis,* and in which order he appointed John W. McIntosh committee.

The order of Judge Hinnant was appealed to the Court of Common Pleas for Richland County by both Alvina B. Hagood, through her guardian *ad litem,* and Franklyn Hagood. Upon that appeal, the appellants for the first time took the position that Edmund H. Monteith had no standing to bring the petition. The position was also taken that the evidence did not support the finding of the probate judge. After hearing the matter, the circuit judge overruled both exceptions and appointed the Honorable Allen E. Fulmer, committee.

To this Court Franklyn Hagood has appealed, submitting two exceptions:

"1. The Court erred in finding and concluding that Petitioner Edmund H. Monteith, is an interested party within the terms of Section 32-1035, S. C. Code of Laws, as amended, the error being that he is not an interested party as defined by the statute and has no standing to institute the action.

"2. The Court erred in finding and concluding that Alvina B. Hagood was a person *non compos mentis,* the error being that such finding is contrary to the evidence and the testimony."

The evidence reflects that Edmund H. Monteith has been attorney for Alvina B. Hagood for many years. Independent of this relationship, it is evident that they have also been good friends. Counsel for appellant Franklyn Hagood admits that there may be circumstances under which an attorney might properly apply for a committee for his client, but submits that this is not such a case. We need not delicately weigh the facts involved on this issue; Ester H. Kleckley has asked for the same relief, and she is, beyond question, an interested party as contemplated

by the terms of Code § 32-1035. A determination that Mr. Monteith is not entitled to bring the proceeding would avail nothing to the appellant.

The only other issue which we must determine is whether the evidence supports the finding that Alvina B. Hagood is a person *non compos mentis*. There is evidence which, if believed, would warrant the conclusion that she is not. On the other hand, Dr. S. Hunter Rentz, Dr. Frank E. Forsthoefel and Dr. John C. Dunlap testify to the contrary. We cannot say that the facts and conclusions reached by the probate judge and the circuit judge are not supported by the evidence. We dispose of this exception under Rule 23 of the Rules of Practice of this Court, since we find that a full written opinion on this issue would serve no precedential value and that the judgment of the lower court is based on findings which are not clearly erroneous.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.